838 F.2d 471
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frank MAXEY, Plaintiff-Appellant
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 87-3143.
 United States Court of Appeals, Sixth Circuit.
 Feb. 3, 1988.
 
 Before MERRITT and RYAN, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 MERRITT, Circuit Judge.
 
 
 1
 In this social security appeal of the District Court's decision affirming the Secretary's denial of benefits, the primary issue is whether plaintiff, Frank Maxey, can perform relevant past work as a janitor. We reverse because the record does not contain substantial evidence for the findings of the ALJ that Maxey's bending limitations do not prevent him from working as a janitor.
 
 
 2
 In evaluating claims for social security benefits, the ALJ and reviewing courts follow procedures set forth in 20 C.F.R. Sec. 404.1520(a)-(f) (1987). First, the judge determines whether the claimant is currently engaging in substantial gainful activity and if he is, then the inquiry ends with a finding of nondisability. Second, if the claimant is not engaged in gainful activity, the judge determines if he has a severe impairment and if he does not, the inquiry ends with a finding of nondisability. Third, if the claimant has a severe impairment, the judge compares it with those in the Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1 (1987). If the impairment corresponds with the Listing, then disability is presumed and benefits are awarded. Fourth, if claimant's impairments do not comply with the Listing, the judge determines whether claimant can perform relevant past work. If he can, then the inquiry ends with a finding of nondisability. If the claimant cannot perform past work then he has made a prima facie case of disability and the judge proceeds to the last step of the evaluation process. At this fifth stage, the government may rebut claimant's case by relying on the medical-vocational guidelines--the "grid." 20 C.F.R. Sec. 404.1520(f); Sec. 404.1569; Subpart P, Appendix 2, Sec. 200.00.
 
 
 3
 The ALJ determined that Maxey is not engaged in substantial gainful activity, that he has a severe impairment, that the impairment does not correspond with any section of the Listing and he can perform his relevant past work. On appeal Maxey argues that there is not substantial evidence showing that he can perform his relevant past work. We agree.
 
 
 4
 Maxey, age 57, broke his back in 1980 in an auto accident. At the hearing, Maxey testified that he worked from 1974 to 1977 as a janitor, sweeping floors, cleaning the rest room and taking spools of thread to the work area. He stated that his job required him to sit and stand during the day and to lift up to 20 pounds. Maxey also testified that he worked briefly at two other jobs,[1] but the ALJ viewed the janitor job as Maxey's relevant past work for evaluation under 20 C.F.R. Sec. 1520(e). ALJ Opin. at 8-9.
 
 
 5
 In summarizing the status of plaintiff's physical condition, the ALJ adopted the residual functional capacity described by Dr. Watson, Maxey's treating physician: plaintiff can sit four hours, stand two hours, walk three hours, and lift and carry up to 20 pounds. ALJ Opin. at 7, 9. The ALJ neglected to include in this summary Dr. Watson's assessment that Maxey cannot perform repetitive bending. J.A. at 218-19 (Hearing Exhibit 33).
 
 
 6
 The ALJ also made the following conclusions:
 
 
 7
 The ALJ did not make a separate finding whether Maxey's bending limitations would interfere with his work as a janitor. The ALJ did not give any weight to the testimony of vocational expert Howard L. Caston that assuming Dr. Watson's assessment of Maxey's physical capabilities is accurate, Maxey cannot perform janitorial jobs "because of the restriction of repetitive bending, sweeping, cleaning ...." Tr. at 32. Neither do the ALJ's conclusions consider Maxey's Vocational Report form, indicating that his job as a janitor required constant bending. (Exhibit 11.) There is no other evidence in the record which rebuts the claimant's evidence concerning his bending limitations.
 
 
 8
 We therefore reverse the ALJ's determination that Maxey could perform his past work as a janitor because it is inconsistent with Dr. Watson's assessment, the vocational expert's testimony, and Maxey's Vocational Report form--all of which indicate that Maxey's physical condition prevents him from performing a janitorial job requiring frequent bending.
 
 
 9
 We therefore remand this case to the District Court for remand to the Secretary for a determination of the claim under the fifth step of the sequential process, 20 C.F.R. Sec. 404.1520(f); Sec. 404.1569; Subpart P, Appendix 2, Sec. 200.00.